STATE OF HAWAI`I, Plaintiff-Appellee,
v.
WILLIAM LOWELL McCRORY, Defendant-Appellant.
No. 27914
Intermediate Court of Appeals of Hawaii.
March 14, 2008.
On the briefs:
Daniel G. Hempey, for defendant-appellant.
Tracy Murakami, deputy prosecuting attorney, County of Kauai, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FUJISE, JJ.
Defendant-Appellant William Lowell McCrory (McCrory or Appellant) appeals from the judgment entered by the Circuit Court of the Fifth Circuit (the circuit court)[1] on April 27, 2006, convicting and sentencing him for Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 707-701.5 (1993)[2] and 706-656(2) (Supp. 2007).[3] We affirm.

BACKGROUND
This appeal stems from the stabbing death of Brent "Kirby" Kerr (Kirby), whose lifeless body was found among the bushes fronting the Coco Palms Hotel on Kauai on the afternoon of October 26, 2001. McCrory was charged with Kirby's death. On September 19, 2002, following a jury trial (first trial), McCrory was convicted as charged and sentenced by the circuit court[4] to serve a term of life in prison, with the possibility of parole, and to pay restitution in the amount of $1,538.82.
McCrory appealed his conviction, and on April 7, 2004, the Hawai`i Supreme Court vacated McCrory's judgment of conviction[5] and remanded the case to the circuit court with instructions to hold a new trial (second trial). State v. McCrory, 104 Hawai`i 203, 213, 87 P.3d 275, 285 (2004).
The sole eyewitness to Kirby's death was William Pierce (Pierce), who testified at McCrory's first trial but died prior to the second trial. Over McCrory's objection, the circuit court allowed Pierce's testimony at McCrory's first trial to be read to the jury at McCrory's second trial. The circuit court also allowed McCrory to impeach Pierce's testimony by introducing prior inconsistent statements that Pierce had made to police investigators and in prior testimony. McCrory was again convicted and sentenced and now appeals.

DISCUSSION
Relying on Crawford v. Washington, 541 U.S. 36 (2004), McCrory argues that the circuit court erred when it admitted Pierce's testimony from the first trial. McCrory claims that his counsel at the first trial (first counsel) was constitutionally ineffective in cross-examining Pierce because first counsel failed to (1) impeach Pierce regarding prior inconsistent statements, (2) challenge Pierce with contradictory facts, (3) address Pierce's history for truthfulness, and (4) show weaknesses in Pierce's ability to perceive the events that led to the charge against McCrory. Therefore, McCrory maintains, his constitutional right to confront Pierce was violated when Pierce's prior testimony was admitted into evidence.
We disagree with McCrory.
In Crawford, the United States Supreme Court observed that
history supports two inferences about the meaning of the Sixth Amendment [right to confrontation].
. . . .
First, the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused. . . .
. . . .
The historical record also supports a second proposition: that the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.
Id. at 50-54. The Supreme Court held:
We do not read the historical sources to say that a prior opportunity to cross-examine was merely a sufficient, rather than a necessary, condition for admissibility of testimonial statements. They suggest that this requirement was dispositive, and not merely one of several ways to establish reliability. . . .
. . . .
Our cases have thus remained faithful to the Framers' understanding: Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.
Id. at 55-59 (emphasis added).
In this case, the record clearly shows that Pierce was unavailable to testify at the second trial. Additionally, McCrory had the opportunity to cross-examine Pierce at the first trial. Therefore, Crawford did not bar the use, at McCrory's second trial, of Pierce's testimony at the first trial.
McCrory argues, however, that Pierce's testimony at the first trial should be barred because first counsel's cross-examination of Pierce was constitutionally ineffective. Our review of the record reveals that the circuit court provided second counsel with ample opportunity to present evidence of Pierce's prior inconsistent statements, question witnesses about contradictory facts, and challenge Pierce's credibility and character for truthfulness. Second counsel competently exposed weaknesses in the State's case in arguing that Pierce, not McCrory, was responsible for Kirby's death. Any alleged deficiencies in first counsel's cross-examination of Pierce were therefore cured by second counsel at the second trial.
The judgment of conviction and sentence entered by the circuit court on April 27, 2006 is affirmed.
NOTES
[1] The Honorable Kathleen Watanabe presided.
[2] HRS § 707-701.5 (1993) provides:

Murder in the second degree. (1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.
(2) Murder in the second degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706-656.
[3] HRS § 706-656(2) (Supp. 2007) provides currently, as it did when McCrory allegedly committed the offense with which he was charged, in relevant part, as follows:

Terms of imprisonment for first and second degree murder and attempted first and second degree murder.. . .
. . . .
(2) Except as provided in section 706-657, pertaining to enhanced sentence for second degree murder, persons convicted of second degree murder and attempted second degree murder shall be sentenced to life imprisonment with possibility of parole. The minimum length of imprisonment shall be determined by the Hawaii paroling authority; provided that persons who are repeat offenders under section 706-606.5 shall serve at least the applicable mandatory minimum term of imprisonment.
[4] The Honorable Clifford Nakea presided at the first trial.
[5] In State v. McCrory, 104 Hawai`i 203, 204, 87 P.3d 275, 276 (2004), the Hawai`i Supreme Court held that "(1) evidence that [McCrory] did not proclaim his innocence to a fellow inmate, while jailed pending trial, is irrelevant and prejudicial in a criminal trial and (2) that under the circumstances of [that] case, evidence that [McCrory] also stated he hoped the charges would be reduced to a lesser charge ( . . . from murder to manslaughter) was similarly tainted."